UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP; FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br><br>v.<br><br>SPANISH BAY HOMEOWNERS ASOCIATION; NEVADA ASSOCIATION SERVICES, INC.; SFR INVESTMENTS POOL 1, LLC,<br><br>Defendants. | Case No. 2:16-cv-00691-MMD-GWF<br><br>ORDER<br><br>(Def.'s Countermotion to Stay – ECF No. 64) |

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion to Stay. (ECF No. 64.) Plaintiff Bank of America, N.A. ("BANA") has opposed (ECF No. 66), and SFR has replied (ECF No. 70).

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being

required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. (ECF No. 64 at 7 (citing Nev. S. Ct. Case No. 72931).) NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS §

2

107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). SFR contends that it is undisputed that the HOA provided such notice in this case (ECF No. 65 at 2), and BANA does not contest this assertion (*see* ECF No. 67).

BANA first opposes SFR's motion on the ground that the Nevada Supreme Court is likely to answer the certified question in the negative. (ECF No. 67 at 4.) As evidence, BANA cites this Court's discussion of a Nevada Supreme Court case, *U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079 (D. Nev. 2015) (discussing *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014)). (ECF No. 66 at 4.) The excerpt BANA provides, however, essentially demonstrates that it is unclear how the Nevada Supreme Court views NRS § 107.090 in relation to NRS § 116.31168:

> The Nevada Supreme Court itself has noted that the Nevada Legislature had declined to adopt the Uniform Common Interest Ownership Act's ("UCIOA") recommendation of "reasonable notice . . . to all lien holders of the unit whose interest would be affected" in favor of its own particularized notice provisions under Chapter 116. Critically, although the Nevada Supreme Court noted that NRS 107.090 is incorporated by section 116.31168(1), in the very same paragraph, and even when specifically citing to NRS 107.090(3)(b) and (4) (the provisions requiring mailed notice of NODs and NOSs to junior lienors of record in deed of trust foreclosures), the Court concluded that notice to a lienor of record requires the lienor to have notified the HOA of the interest before the recordation of the NOD or mailing of the NOS under NRS 116.31163 and 116.311635, respectively. This shows that the Nevada Supreme Court either reads NRS 116.31168 not to incorporate the automatic notice provisions of NRS 107.090(3)-(4) or that it reads the opt-in provisions of NRS 116.31163 and 116.311635 to supersede NRS 107.090(3)-(4)'s automatic notice provisions as to HOA foreclosures even if NRS 107.090 is otherwise incorporated into Chapter 116 foreclosures generally via NRS 116.31168.

*U.S. Bank, N.A.*, 124 F. Supp. 3d at 1079. In essence, this Court attempted to resolve an inconsistency between what the Nevada Supreme Court said (that NRS § 107.090 is

3

incorporated) and what it did (holding that notice had to be requested despite NRS § 107.090's requirement that notice be provided as a matter of course). This Court concluded that the Nevada Supreme Court must have meant that NRS § 107.090 was only selectively incorporated. While this Court's reasoning is sensible, it is nonetheless speculative. It remains unclear whether the Nevada Supreme Court will find that NRS § 107.090 is incorporated, selectively or otherwise.

BANA next opposes SFR's motion on the ground that NRS § 116.31168 is unconstitutional even if NRS § 107.090 is incorporated. (ECF No. 67 at 5.) While the constitutionality of NRS § 107.090 is a serious issue that the parties will no doubt dispute if the Nevada Supreme Court holds that NRS § 107.090 is incorporated, that issue is not presently before this Court. *See Clinton v. Jones*, 520 U.S. 681, 690 (1997) ("[W]e have often stressed the importance of avoiding the premature adjudication of constitutional questions.").

In addition, BANA insists that a stay will be prejudicial because it suffers economic harm as long as SFR claims to hold clear title: "BANA cannot foreclose until this litigation is resolved. While SFR continues to collect rent, BANA is required to pay taxes and insurance charges on its defaulting borrowers' behalf to protect its interest." (ECF No. 67 at 5.) However, any damage to BANA from a stay will be outweighed by the fees that all parties will surely incur from continued litigation—the Nevada Supreme Court's decision could moot a decision by this Court. Until there is finality on the issue of whether NRS § 116.31168 incorporates NRS § 107.090, a stay will benefit the parties and conserve judicial resources.

It is therefore ordered that SFR's countermotion to stay (ECF No. 64) is granted. This action is temporarily stayed until resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five (5) days from such resolution. All pending motions (ECF Nos. 56, 59,

///

///

4

65) are denied without prejudice and may be refiled within thirty days from the Nevada Supreme Court's decision on the certified question.

DATED THIS 22nd day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE